# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **vs.** | ) | **Criminal Action No. 10-00222-KD-M** |
| **JOHN FREDERICK HEMPFLENG III,** | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the Appeal of Order of Detention filed by defendant John Frederick Hempfleng III (doc. 44). On September 29, 2010, Magistrate Judge Bert W. Milling, Jr., granted the United States' motion to detain on basis that Hempfleng had failed to rebut the presumption of dangerousness.[1]

On appeal, Hempfleng contends he has presented sufficient evidence to rebut the statutory presumption of danger to the community. Hempfleng asserts that there exist less restrictive alternatives to confinement which are appropriate and would insure the safety of any other person and the community.

The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant prior to trial. 18 U.S.C. § 3142(f)(1) entitles the United States to move for detention if the defendant has been charged with one of the offenses enumerated in the Act which Congress has determined warrant detention. Where a charged offense is described in 18 U.S.C. § 3142(f)(1), as in this case, there is a rebuttable presumption that no combination of conditions will reasonably assure the safety of any other person or the community. See 18 U.S.C. § 3142(e).

---

[1] Judge Milling indicated that he did not consider John Hempfleng to be a flight risk.

When considering pre-trial detention, the Court must decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. <u>See</u> 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: (1) the nature and circumstances of the offense(s), including whether the offense(s) are a crime of violence or involve a narcotic drug, (2) the weight of the evidence, (2) the history and characteristics of the defendant and (4) the nature and seriousness of the danger posed by the defendant's release. <u>See</u> 18 U.S.C. § 3142(g).

The Court has conducted a *de novo* review of the evidence presented.   The evidence indicates that Hempfleng has a criminal history which includes domestic violence against his wife, disorderly conduct, and menacing with a knife.   He also has a previous drug charge which was resolved through pretrial diversion. Additionally, testimony was presented that Hempfleng made a recent threat to a law enforcement officer during transportation to court (the officer is also the same officer involved in the undercover operation).   Based on this evidence, the undersigned concurs in the Magistrate Judge's finding that the presumption has not been rebutted.   The decision to grant the United States' motion to detain is **affirmed**.

**DONE** this 6th day of October, 2010.

 **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**